IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KEVIN CAMPBELL, ) | Case No. 06-42501 |
| ) | |
| Debtor. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Deutsche Bank National Trust, as Trustee, by Litton Loan Servicing, LP, loan servicing agent ("Movant") to annul the automatic stay and validate a foreclosure sale held during the pendency of a previous Chapter 13 proceeding by the debtor Kevin Campbell ("Debtor"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b). This is a core proceeding which the Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(G). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rules 9014(c) and 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court sustains the motion to annul the automatic stay and ratify the foreclosure sale.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 23, 2003, Debtor executed a promissory note and deed of trust on the property at issue in favor of Movant. Debtor subsequently defaulted on the note. On August 3, 2006, Debtor filed a first Chapter 13 bankruptcy petition. Debtor failed to file any schedules, statements, a plan or pay the filing fee. Apparently, also on August 3, and without notice of the bankruptcy filing, Movant conducted a first foreclosure sale of the property at issue. However, Movant never sought to have that sale ratified and proceeded with the second foreclosure sale on the presumption that the first sale was void in violation of the automatic stay. On August 9,

Debtor's first bankruptcy case was dismissed for failure to upload a creditor matrix.

Movant scheduled a second foreclosure sale for September 21, 2006. On September 20, Debtor filed a second bankruptcy petition, again with no schedules, statements, plan or filing fee. Movant conducted the foreclosure sale of the property at issue prior to the bankruptcy case being dismissed on September 21, 2006, because of Debtor's failure to file a credit counseling certificate. Movant contends that it did not have notice of the second bankruptcy filing.

Immediately after the second bankruptcy case was dismissed on September 21, Debtor filed this case[1]. The case was dismissed on October 2 for failure to file a creditor matrix. Also on October 2, Movant filed a motion to ratify foreclosure sale and annul automatic stay under § 362(d)[2]. At the hearing on the matter, counsel, on behalf of Debtor[3], asked the Court to deny the motion and allow Debtor to attempt to reorganize under Chapter 13. She also argued that because the trustee had already exercised its power of sale under the deed of trust at the first foreclosure sale, that, although the first sale was void, the trustee had exhausted its power of sale and could not conduct a second foreclosure sale.

## II.  DISCUSSION AND ANALYSIS

### A.  The Automatic Stay And Its Effect

The automatic stay comes into effect on the filing of a petition and prohibits certain

---

[1] Because this was his third filing, § 362(c)(4) provides that the automatic stay did not go into effect. However, this does not impact the issue at hand because the foreclosure sale allegedly in violation of the stay was conducted during the pendency of the second bankruptcy case.

[2] Arguably, the motion to annul the stay should have been filed in Debtor's previous case. Debtor did not raise this issue, however, and the Court will not address it.

[3] Debtor is a pro se debtor, and counsel was not retained by Debtor but she did appear in court and argue on his behalf against the motion.

actions, regardless of whether the parties taking them are aware that the filing has been made. *In re Vierkant*, 240 B.R. 317, 320 (B.A.P. 8th Cir. 1999). Among other things, it operates as a stay of any act to enforce a lien against property of the estate. 11 U.S.C. § 362(a)(4). Without question, the conduct of the post-petition foreclosure sale in Debtor's prior case was a violation of the automatic stay. In *Vierkant*, the Bankruptcy Appellate Panel took the position that acts taken in violation of the automatic stay are void and of no effect. *Vierkant,* 240 B.R. at 325. Even those courts holding that actions taken in violation of the automatic stay are void recognize that that rule is subject to certain equitable exceptions, including at least one of the grounds urged by movant here. *In re Major*, 218 B.R. 501, 503 (Bankr. W.D. Mo. 1998); *See In re Adams*, 215 B.R. 194, 195-96 (Bankr. W.D. Mo. 1997). Specifically, § 362(d) authorizes the court, in appropriate limited circumstances, to annul the automatic stay, the effect of which is to grant retroactive relief and validate an action taken which might otherwise be of no effect. *Adams,* 215 B.R. at 196; *Major*, 218 B.R. at 503; *see, Smith*, 245 B.R. at 623; *see also, Eastern Refractories Co., Inc. v. Forty-Eight Insulations, Inc.*, 157 F.3d 169, 172 (2d. Cir. 1998) ("an order 'annulling' a stay does have retroactive effect, and thereby reaches back in time to validate proceedings or actions that would otherwise be deemed void *ab initio*.").

      As mentioned, at the hearing Debtor argued that because the trustee had already exercised its power of sale under the deed of trust at the first foreclosure sale, that, although the first sale was void, the trustee had exhausted its power of sale and could not conduct a second foreclosure sale. However, a trustee's power of sale under a deed of trust cannot be exhausted due to a void sale. *See Nodaway County v. Alumbaugh*, 153 S.W.2d 74, 75-76 (Mo. 1941), and cases cited therein. The sale held on August 3 was in violation of the automatic stay and thus

3

void [4]. It is not logical that a void sale can exhaust a trustee's power of sale. It would be inequitable to hold that a sale is void on the one hand, yet effective for the purpose of exhausting the trustee's power of sale. With that in mind, the Court will evaluate whether to annul the stay and ratify the second foreclosure sale that was held.

### B. Annulment Of The Stay

The *Williams* case identified the factors a court should consider in determining whether to grant a request to annul the stay and validate a post-petition foreclosure sale. They are: (1) whether the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) whether the debtor has acted in bad faith; (3) whether there is equity in the property of the estate; (4) whether the property is necessary for an effective reorganization; (5) whether grounds for relief from stay exist and a motion, if filed, would have been granted prior to the violation; (6) whether failure to grant retroactive relief would cause unnecessary expense to the creditor; (7) whether the creditor has detrimentally changed its position on the basis of the action taken; (8) whether the creditor took some affirmative action post-petition to bring about the violation of the stay; and (9) whether the creditor promptly seeks a retroactive lifting of the stay and approval of the action taken. *Williams*, 257 B.R. at 301. *See also Lett*, 238 B.R. at 195-96.

---

[4] There is a difference of opinion on the question of whether actions taken in violation of the automatic stay are void or merely voidable. The Eighth Circuit has not ruled on the question, having expressly declined to do so in *Riley v. United States*, 118 F.3d 1220, 1222, n. 1 (8th Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998). The current judges in this district, however, have taken different views, Judge Federman holding along with the Bankruptcy Appellate Panel that such actions are void, *In re EBG Health Care II, Inc.*, 303 B.R. 626, 630 (Bankr. W.D. Mo. 2003); *In re Smith*, 245 B.R. 622 (Bankr. W.D. Mo. 2000), with Judge Venters having taken the position that such actions are voidable. *In re Williams*, 257 B.R. 297, 301 (Bankr. W.D. Mo. 2001); *In re Lett*, 238 B.R. 167, 193-96 (Bankr. W.D. Mo. 1999). This Court concludes that it need not weigh in on either side of this dispute in this case.

The parties do not dispute that the foreclosure at issue was void so the Court will assume the same. If the sale was not void then the motion to annul the stay would be unnecessary.

1. Movant's Lack Of Knowledge Of The Filing

Debtor does not dispute Movant's suggestion that it had neither notice nor knowledge of the filing of the second case at the time the sale was conducted.

2. Debtor's Lack Of Good Faith

Debtor's conduct, both in this case and the prior two Chapter 13 filings, evidences a lack of good faith. Each of Debtor's prior cases was filed on the eve of a foreclosure sale and for the specific purpose of preventing those sales and frustrating Movant's attempt to enforce its right of foreclosure. There was no evidence presented that the Debtor had an intent in any of the three cases to obtain a discharge through a confirmed and/or consummated plan.

Further, each case was dismissed as a result of Debtor's failure to comply with the appropriate Bankruptcy Rules and file schedules, a plan, a creditor matrix or pay the filing fee. In the first case, filed on August 3, 2006, Debtor failed to file a plan, schedules, statements and did not pay the filing fee. That case was dismissed on August 9, 2006, for failure to upload a creditor matrix. In Debtor's second filing on September 20, 2006, he again failed to file a plan, schedules, statements, creditor matrix or pay the filing fee. The case was dismissed on September 21, 2006, because Debtor was ineligible to file a petition for failure to document compliance with § 109(h) (failure to file credit counseling certificate).[5] Finally, Debtor filed the third case on September 21 (the same date the prior case was dismissed), and it was dismissed for failure to file a creditor matrix on October 2, 2006.

Debtor has yet to pay a filing fee in any of the three recently filed cases. In his second

---

[5] At the hearing, counsel speaking on behalf of Debtor claimed that Debtor was at the courthouse with the intention to file the necessary credit counseling certificate but the second case was dismissed before he was able to file the certificate. Notwithstanding this contention, the Debtor did in fact fail to properly file the certificate.

filing, Debtor filed an application to pay the filing fee in installments which this Court denied as a result of his failure to pay a filing fee in the first case. In this case, Debtor filed another application to pay the filing fee in installments, despite the fact that he should have known that request would be summarily denied as a result of his failure to pay the filing fees in the prior two cases. Debtor suggested at the hearing that although this case has been dismissed, if the Court denies the motion to annul the stay, he would make the appropriate filings and move forward to seek confirmation and consummation of a Chapter 13 plan. In order to do so, the Debtor would first have to file a motion to vacate the order dismissing the case. In order for that motion to be granted, the Debtor would have to remedy the various deficiencies in his present filing, starting with paying the filing fee and including filing Schedules of Assets and Liabilities, a Statement of Financial Affairs and a Chapter 13 plan. If the Debtor were serious about actually obtaining the relief afforded by a Chapter 13 rather than merely delaying the foreclosure sale, the Court would have expected the Debtor to do these things prior to the hearing on the motion to annul the stay rather than simply promise to do them if the motion were denied. In this Court's judgment, the Debtor's failure to do so simply provides further evidence that each of the Debtor's recent filings was made not with an intent to obtain a discharge of his dischargeable debts, but rather merely to invoke the automatic stay in order to frustrate the legitimate efforts of the holder of the Deed of Trust to exercise its rights.

Debtor has also failed to act in good faith toward Movant. Despite his knowledge of the impending foreclosure sale, which his filing was specifically designed to forestall, he apparently took no action to give notice to Movant of either his intention to file or the actual filing of the petition. Debtor has also acted in an extremely cavalier fashion regarding the obligation to file

Schedules of Assets and Liabilities, Statements of Financial Affairs and other pleadings in this and his other bankruptcy cases. In each case, he failed to file the necessary pleadings or to pay the required filing fee. In short, the Debtor has made little or no effort to make complete and accurate filings in this or his other Chapter 13 cases.

### 3. Equity In The Property

Movant claims that there is no equity in the property and Debtor did not dispute that contention. No evidence was presented to the Court on this issue.

### 4. Necessity Of Property To An Effective Reorganization

Debtor unquestionably needs a place to live. It does not necessarily follow that this property is necessary to an effective reorganization. The fact that Debtor might need the property is not conclusive. There must be a reasonable possibility that the Debtor can effectively reorganize. *In re Anderson*, 913 F.2d 530, 532 (8th Cir. 1990) (must be a "reasonable probability that the debtor will be able to propose a plan for a successful reorganization within a reasonable time."); *see also, In re Bowman*, 253 B.R. 233, 238 (B.A.P. 8th Cir. 2000) (must show proposed plan is feasible and likely confirmable; effective reorganization contemplates feasibility of actual performance of provisions of plan); 2 *Norton Bankruptcy Law and Practice 2d*, § 36:35, p. 36-97 (2d ed. 1997). Debtor clearly filed in another attempt to save his house from foreclosure. If Debtor would attempt to remain in Chapter 13, there is serious doubt as to whether he could effectively reorganize but the Court has no information to further consider the necessity of the property to an effective reorganization because Debtor has failed to provide the Court with any of the financial information required with the bankruptcy filings. Debtor has given this Court no reason to believe that he has any intent or ability to propose and consummate a feasible plan.

### 5. Whether The Motion Would Have Been Granted If Made Before The Sale

For the reasons articulated above, the Court would likely have granted the request for relief had it been presented before the conduct of the foreclosure sale. The same considerations relating to Debtor's lack of good faith and doubts about his intention or ability to reorganize would have impelled the Court to grant the requested relief.

### 6. Prejudice To And Detrimental Reliance Of Movant

As the court observed in *Williams*, the failure to grant the requested retroactive relief would cause expense to Movant and detrimentally affect its rights. In addition to having incurred expenses in connection with the foreclosure sale, if the sale is not validated, Movant would have to incur expenses to conduct another foreclosure sale. *Williams*, 257 B.R. at 304. Movant relied on the absence of a filing in conducting the sale, incurring the associated expenses and executing and delivering a deed to the property.

### 7. Movant's Prompt Action In Seeking Stay Relief

While it was Movant's affirmative act of conducting the sale that resulted in the violation of the stay, that act was taken without notice or knowledge of the filing. Another factor weighing in favor of granting an annulment of the automatic stay is Movant's good faith in promptly seeking relief upon learning of the filing. This case was filed on September 21, 2006. The motion to annul the stay and validate the sale was filed soon thereafter, on October 2.

## II. CONCLUSION AND ORDER

For the reasons discussed above, the Court concludes that Movant has established "cause" for granting its motion for an order annulling the automatic stay as regards the

8

foreclosure sale conducted on September 21, 2006, and validating the sale, including the execution, delivery and recording of the trustee's deed to the purchaser.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:    December 11, 2006             /s/ Dennis R. Dow
                                        THE HONORABLE DENNIS R. DOW
                                        UNITED STATES BANKRUPTCY JUDGE

Copies to:

Steven L. Crouch
Chelsea Herring
Kevin R. Campbell
Richard Fink